**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEFANIE LEANN BEASON, | No. 13-55766 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01400-WQH-KSC |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barbara Lynn Major, Magistrate Judge, Presiding

Submitted May 8, 2015[**]
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas O. Rice, District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

Stefanie Beason appeals the district court's summary judgment affirming the Commissioner of Social Security's decision denying her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the denial of disability benefits. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). We uphold the Administrative Law Judge's (ALJ) disability determination "unless it contains legal error or is not supported by substantial evidence." *Id.*

Beason raises a single argument on appeal: that the ALJ ignored and improperly rejected the testimony of the medical expert, called by the ALJ herself, who opined that Beason met the listing for affective disorders. This argument lacks merit. Because the medical expert neither examined nor treated the claimant, the ALJ was required only to "consider" the expert's testimony in conjunction with other record evidence. *See* 20 C.F.R. § 404.1527(e). Here, the ALJ weighed the medical expert's testimony against the reports of three other non-examining consultants and assigned less weight to the medical expert's testimony because it was less consistent with Beason's course of treatment and the record as a whole. *See id.* § 404.1527(c)(2) (providing factors for the ALJ to consider in assigning relative weight to medical opinions). It is well settled that the ALJ is tasked with

determining the credibility of medical testimony and resolving conflicts and ambiguity in the record. *See, e.g.*, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

**AFFIRMED.**